IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRY ROCKETTE**                                                                **PLAINTIFF**

**v.**                                         **No. 3:25-cv-180-MPM-RP**

**NORTHWEST MISSISSIPPI**
**COMMUNITY COLLEGE**                                     **DEFENDANT**

## ORDER

This matter comes before the Court on Plaintiff Terry Rockette's Emergency Motion for Temporary Restraining Order [5]. The Court, having reviewed the record and having carefully considered the applicable law, is now prepared to rule.

On June 20, 2025, Pro Se Plaintiff Terry Rockette filed an emergency motion requesting this Court to stay the eviction proceedings against him by Defendant Northwest Mississippi Community College (NWCC). According to the complaint, Mr. Rockette was an employee of NWCC before his contract expired on May 16, 2025. On June 2, NWCC instituted eviction proceedings against Mr. Rockette in Tate County Justice Court. The apartment listed in NWCC's justice-court complaint is incorrect. It lists Apartment 125 as the residence subject to eviction rather than Apartment 213—the apartment Mr. Rockette resides in. Mr. Rockette alleges that NWCC intentionally misrepresented the apartment number in the eviction proceeding to deprive him of service of process. He also alleges violations of Title IX and federal whistleblower protection law.

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*

*& Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). To obtain a TRO, an applicant must satisfy the following four elements: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury; (3) the threatened injury outweighs any harm the order might cause to the defendant; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). The decision of whether to grant or deny a TRO is within the Court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017).

Here, Mr. Rockette has not shown a substantial likelihood of success on the merits. Although it is plausible that NWCC intentionally misrepresented the apartment number in the eviction proceeding, the only evidence Mr. Rockette presents in support of this contention is the Tate County Justice Court complaint. It is more likely that the apartment number discrepancy was a mere oversight rather than a conspiracy to deprive Mr. Rockette of his constitutional rights. Additionally, apart from the bare-bones allegations that Mr. Rockette is being retaliated against for instigating Title IX investigations, nothing supports any other violation of federal law.

The evidence presented by Mr. Rockette suggests that Mr. Rockette's employment contract ended on May 16, 2025, and, at that point, his employer-provided housing lease ended. The eviction proceedings instituted as a direct result.

**ACCORDINGLY**, Plaintiff Terry Rockette's Emergency Motion for Temporary Restraining Order [5] is **DENIED**.

**SO ORDERED** this the 24th day of June, 2025.

  /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI