IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRY ROCKETTE**                                                                        **PLAINTIFF**

**V.**                                                 **CAUSE NUMBER: 3:25-cv-00180-JDM-RP**

**NORTHWEST MISSISSIPPI COMMUNITY
COLLEGE, et al.**                                                                            **DEFENDANTS**

## ORDER AND MEMORANDUM OPINION

Before the Court is the Defendants' Motion to Dismiss Amended Complaint for failure to state a claim. [36] Terry Rockette filed a pro se complaint against his former employer Northwest Mississippi Community College (NWMCC). [1] He later amended his complaint to add eight individual defendants allegedly connected with NWMCC. [12] The amended complaint asserts federal claims of retaliation, discrimination, and denial of due process based on Rockette's being evicted from on-campus housing after refusing to move from one dormitory to another in his role as a residential advisor. The amended complaint also brings state law claims of breach of contract, fraud on the court, and abuse of process also based on the eviction.

This Court agrees that Rockette's federal claims are so conclusory and void of facts that they fail to state a claim. While this Court is mindful that leniency should be given to pro se plaintiffs, Rockette is no stranger to this Court or its pleadings requirements. And he has already amended his complaint. Therefore, his three federal claims for retaliation, discrimination, and denial of due process are **DISMISSED with prejudice**.

With the federal claims dismissed, this Court declines to exercise supplemental jurisdiction over Rockette's state-law claims. Therefore, the claims for breach of contract, fraud on the court, and abuse of process are **DISMISSED without prejudice**.

**Rockette's Amended Complaint**

Rockette's amended complaint alleges he "is a Black male who served as Hall Director of Lamar Hall and key Title IX resource for students, including student-athletes[.]" Rockette claims he "was subjected to adverse employment actions in retaliation for his protected whistleblower activities." Rockette does not specify what "protected whistleblower activities" he engaged in. Instead, he broadly asserts he "report[ed] ongoing discrimination, retaliation, and violations of Title IX involving campus housing and athletic programs." He alleges he "received reports and became [aware] of sexual, grooming, enticing misconduct involving certain NWCC staff members affecting students residing on campus."

Connecting the dots between Rockette's disjointed assertions, it appears Rockette is claiming he communicated these reports to unspecified NWMCC representatives, presumably some or all of the named defendants—the amended complaint is not clear.[1] According to Rockette, the "Defendants, rather than addressing all serious allegations, engaged in retaliatory conduct against [Rockette] for his protected whistleblower activity." And "[t]his retaliation included adverse employment actions and eviction efforts aimed at silencing Plaintiff and deterring further reports

---

[1] The Amended Complaint adds eight individual defendants and describes them as follows—

> Defendant John T. Lamar, Esq., is NWCC's General Counsel who participated in wrongful legal actions against Plaintiff.
> Defendant Jeff Horton is Vice President for Administration and Finance.
> Defendant Dean Cooper is District Dean of Student Services.
> Defendant Isaac Lias, Jr., is Director of Housing and Residence Life.
> Defendant Erika Standford is Director of Human Resources.
> Defendant Dr. Tonyalle Rush is Vice President for Student Services and Title IX Director.
> Defendant Jaszlyn Scurlock is Plaintiff's direct supervisor.
> Defendant Coach Parker is football coach influencing housing and personnel decisions.

Otherwise, the Amended Complaint does not refer to any defendant by name. Nor does it describe any individual action.

of title [IX] violations." Rockette asserts the "Defendants' conduct undermined [his] ability to perform his Title IX and student advocacy duties, adversely impacting the welfare of students relying on his support."

Rockette characterizes his assignment transfer from Lamar Hall to another dormitory as "sudden" and "coercive." He accuses the Defendants of "initiat[ing] wrongful eviction proceedings against [Rockette's] campus apartment despite housing being part of his employment contract." He asserts he was denied due process because the "[e]viction notices were improperly served to incorrect apartment numbers and courts without jurisdiction over employment contracts." He further alleges the defendants "used fraudulent documents and statements . . . to obtain wrongful eviction orders."

Rockette brings six legal claims, three federal and three based on state law—

Count 1: Retaliation in Violation of Title VII, Title IX, and Whistleblower Statutes

Count 2: Discrimination Based on Race, Gender, and Age

Count 3: Denial of Due Process

Count 4: Breach of Employment Contract

Count 5: Fraud on the Court

Count 6: Abuse of Process

## Dismissal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). And "[t]o be plausible, the complaint's "factual

allegations must be enough to raise a right to relief above the speculative level." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This Court will accept "all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). But it will "not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). And "where the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct*, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. P. 8(a)(2)).

"This Court is cognizant that leniency should be extended to *pro se* litigants." *Amos v. Cain*, No. 4:20-cv-30-SA-JMV, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) (citing *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002); *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015)). But such leniency can only be extended so far. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

**Failure to State a Claim**

*Federal Claims*

Rockette invokes this Court's jurisdiction based on three federal-based claims— (1) retaliation in violation of Title VII, Title IX, and "Whistleblower Statutes"; (2) employment discrimination based on race, gender, and age; and (3) violation of the constitutional right to due

4

process. *See* 28 U.S.C. § 1331. But his amended complaint fails to show he is entitled to the requested relief. At best, Rockette's complaint is full of conclusory allegations dressed up as factual conclusions. This will not suffice. *Taylor*, 296 F.3d at 378.

<u>Count 1 – Retaliation in Violation of Title VII, Title IX, and Whistleblower Statutes</u>

To the extent Rockette aims Count 1—"Retaliation in Violation of Title VII, Title IX, and Whistleblower Statutes"—at the eight individual defendants, this claim must be dismissed for the very straightforward reason that the three statutory schemes invoked apply to *employers*, not individual employees. "Individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)). Likewise, "Title IX 'has consistently been interpreted as *not* authorizing suit against school officials, teachers, and other individuals,' as opposed to the institution that receives the federal funds." *Carmichael v. Galbraith*, 574 F. App'x 286, 289 n.5 (5th Cir. 2014) (emphasis added) (quoting *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257, 129 S. Ct. 788, 172 L. Ed. 2d 582 (2009)). Finally, presuming Rockette's mention of "Whistleblower Statutes" refers to the Mississippi Whistleblower Protection Act (MWPA), "the Act proscribes reprisal or retaliation by a state 'agency,' not by one's co-workers . . . ." *Bryant v. Miss. Mil. Dep't*, 519 F. Supp. 2d 622, 626 (S.D. Miss. 2007), *aff'd sub nom. Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678 (5th Cir. 2010).

To the extent Count 1 is aimed at NWMCC, Rockette's complaint is devoid of sufficient factual allegations of a plausible claim that NWMCC retaliated against Rockette in violation of Title VII, Title IX, or the MWPA. While Rockette makes vague references to reporting ongoing discrimination and Title IX violations, he provides *no details* as to what he reported, to whom he

5

reported, or why his reporting was protected activity. Instead, he makes conclusory allegations and legal conclusions. This is not enough. *Taylor*, 296 F.3d at 378. So Count 1 must be dismissed.

<u>Count 2 – Discrimination Based on Race, Gender, and Age</u>

The same is true for Count 2's employment-discrimination claim.

Regarding the individual defendants, again Title VII does not impose liability on individual employees for employment discrimination. *Ackel*, 339 at 381 n.1.

As to NWMCC, first off, Rockette was required to exhaust his administrative remedies and receive a statutory notice of right to sue before filing a federal employment-discrimination lawsuit. *Taylor*, 296 F.3d at 378-79. Rockette neither attached proof of his right to sue nor otherwise alleged he had exhausted his administrative remedies. NWMCC concedes in the motion to dismiss that it did receive a notice of a charge of discrimination—but this notice related only to an age-discrimination complaint. Therefore, Rockette's race-based and gender-based claims must be dismissed for failure to exhaust administrative remedies.

Assuming Rockette's age-based-discrimination claim is merely procedurally premature, Rockette still fails to state a claim for age discrimination under the Age Discrimination in Employment Act (ADEA). Under the ADEA, the plaintiff's age must be the "but-for" reason for employment termination—and not simply a motivating factor. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019). The only allegation of age discrimination in Rockette's complaint is that he had been "called an old head." Not only does Rockette fail to attribute this comment to any specific person at NWMCC, but also this stray remark does not establish a plausible claim that age was the but-for reason he was terminated. *See id.* at 457 (finding age-related comment failed to rise above the level of stray-remark). Thus, Count 2 must also be dismissed.

Count 3—Denial of Due Process

For Count 3, denial of due process, Rockette fails to allege a single named individual defendant took *any* action—let alone specifically acted in a way that violated the Constitution. The Fifth Circuit has been clear. "Plaintiffs suing governmental officials in their individual capacities . . . must allege *specific conduct* giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (emphasis added) (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999)). "This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Id.* (citing *Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir. 1996)). The amended complaint does not meet this standard.

Nor does it assert a plausible claim against NWMCC for a procedural due process violation. The Due Process Clause prohibits the state's depriving one of life, liberty, or property without due process of law. U.S. Const. amend XIV, § 1. For a procedural due process claim to survive a 12(b)(6) motion, a plaintiff has to allege sufficient facts showing not only that he was "deprived of a liberty or property interest protected by the due process clause," but also that he was "deprived of that interest without constitutionally adequate process." *LaCroix v. Marshall Cnty., Miss.*, 409 F. App'x 794, 803 (5th Cir. 2011). Rockette's complaint does not identify what interest he was allegedly deprived of. Presumably, he is asserting he had a property interest in his continued employment and on-campus housing through a contract with NWMCC. *See Dearman v. Stone Cnty. Sch. Dist.*, 832 F.3d 577, 583 (5th Cir. 2016) (noting "[t]he Fourteenth Amendment, standing alone, does not create a protectable interest in continued public employment" but that "[a] government employee may . . . possess an interest in continued employment by operation of an employment contract"). But even assuming without weighing in on whether this was so, Rockette makes no attempt to describe what notice and procedures he *should have been given* but did not

7

receive before he was terminated and evicted. Instead, he makes the conclusory assertion that he was "deprived of procedural due process rights in employment discipline and eviction proceedings."

According to his own allegations, Rockette went through employment discipline and eviction proceedings.[2] That those proceedings led to his being fired and evicted is not enough to establish a violation of procedural due process claim. *See Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990) ("In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*."). Because Rockette makes no attempt to allege how NWMCC's employment discipline and eviction procedures were constitutionally insufficient, Count 3 must be dismissed.

In general, this Court gives leniency to pro se plaintiffs. But Rockette has already amended his complaint once. Moreover, this is not Rockette's first foray as a pro se plaintiff before this Court, so he is already familiar with this Court's pleadings standard. For this reason, Counts 1, 2, and 3 are **DISMISSED with prejudice**.

*State Law Claims*

At a glance, Rockette's state law claims for breach of employment contract (Count 4), fraud on the court (Court 5), and abuse of process (Count 6) do not appear to fare much better with Rockette making broad and conclusory assertions pitched more as a collateral attack on the eviction proceedings than stand-alone claims. That said, with the federal claims dismissed, this Court now

---

[2] At most, Rockette suggests a notice of eviction was served at the wrong apartment number and that the eviction proceedings occurred in a court without jurisdiction. But this is more of an attempted collateral attack on the alleged state court proceeding based on procedural errors than a claim of constitutional deprivation.

8

lacks subject-matter jurisdiction. So instead of delving into the merits of Rockette's three state-law claims, this Court finds the better course is to decline to exercise supplemental jurisdiction and dismisses the state-law claims without prejudice.

This Court's continuing obligation to address lack of subject matter jurisdiction prior to consideration of the merits is well-established. District courts typically "dismiss or remand a case sua sponte if no subject matter jurisdiction exists." *Wilson v. Claiborne Cnty. Hosp.*, 2005 WL 8174980, at *1 (S.D. Miss. Oct. 7, 2005) (citing *Howard v. Lemmons*, 547 F. 2d 290, 290 (5th Cir. 1977)). "[T]the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]" *Seals v. Mississippi*, 998 F. Supp. 2d 509, 527 (N.D. Miss. 2014) (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prod. Inc.*, 554 F.3d 595, 602 (5th Cir. 2009))); s*ee also* 28 U.S.C. § 1367(c)(3) (permitting a district court to decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction"). This approach is particularly sound since Rockette's state-law claims are based on eviction proceedings that occurred in Mississippi state court.

Therefore, Counts 4, 5, and 6 are **DISMISSED without prejudice**.

## Motion for Emergency Relief

Also before the Court is Rockette's pending Motion for Emergency Relief. [32] The dismissal of Rockette's Amended Complaint moots this motion. Thus, the Motion for Relief is **DISMISSED as moot**.

## Conclusion

The Motion to Dismiss the Amended Complaint [36] is **GRANTED**. Counts 1, 2, and 3 of the Amended Complaint are **DISMISSED with prejudice**. Counts 4, 5, and 6 are **DIMISSED without prejudice.**

9

Rockette's Motion for Emergency Relief [32] is **DISMISSED as moot**.

A Final Judgment will issue this day.  This **CASE** is **CLOSED**.

**SO ORDERED**, this the 3rd day of March, 2026.

                                          /s/ James D. Maxwell II
                                          UNITED STATES DISTRICT JUDGE
                                          NORTHERN DISTRICT OF MISSISSIPPI